**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL AUSTIN, | Civil Action No. 12-4076 (JBS) |
| Petitioner, | |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner Michael Austin ("Petitioner") submitted a habeas petition ("Petition"), pursuant to 28 U.S.C. § 2241 [Docket Item 1], and prepaid his filing fee. See id.

Petitioner is a federal inmate held at F.C.I. Fort Dix. See id. at 1. His allegations are rather limited, since he stated only as follows:

> I am currently in FCI-LOW, yet I have a Public Safety Factor - Severity Greatest. How can this be? Public Safety Factor[] - [Severity] Greatest is for people in Maximum Security - U.S.P. . . . I am requesting a [r]eduction to Public Safety Factor - Medium.

Id. at 2 (capitalization in original).

Habeas Rule 4 requires a judge to sua sponte dismiss a petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable to Section 2241 actions through Rule 1(b). Thus, "[f]ederal courts are authorized to dismiss

summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856.

Here, the Petition is facially insufficient.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), e.g., a determination resulting in loss of good time credits. See Muhammad v. Close, 540 U.S. 749 (2004); Edwards v. Balisok, 520 U.S. 641 (1997).  Alternatively, where a prisoner seeks "quantum change" in the *level of custody*, e.g., by asserting undue denial of release on bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) (collecting cases).  Analogously, a challenge to denial of *transfer to* a qualitatively less-restrictive *environment* presents a habeas claim.  See, e.g., Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (denial of transfer to a community corrections center).

In contrast, challenges to custody classification cannot be raised in a habeas petition.  See Levi v. Ebbert, 353 F. App'x. 681, 682 (3d Cir. 2009) ("We agree with the District Court that [the petitioner's] claims concerning the determination of his custody level do not lie at the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition. . . . None of his claims challenge the fact or length of his sentence or

confinement") (internal citations omitted); Cohen v. Lappin, 402 F. App'x. 674, 676 (3d Cir. 2010) ("[the petitioner's] challenge to his security designation and custody classification [do not attack the fact or duration of his imprisonment].  In the absence of the type of change in custody level at issue in Woodall . . . , such an objection is simply not a proper challenge . . . cognizable in a § 2241 proceeding").

Since the Petition does not raise a challenge cognizable in habeas review, it will be dismissed for lack of jurisdiction. Accord McCall v. Ebbert, 384 F. App'x 55 (3d Cir. 2010); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002); see also McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010); Ganim v. Federal Bureau of Prisons, 235 F. App'x 882 (3d Cir. 2007).  Because the jurisdictional deficiencies of Petitioner's claims cannot be cured by repleading, and thus granting him leave to amend would be futile, such dismissal will be with prejudice.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Coventry v. U.S. Steel Corp., 856 F.2d 514, 519 (3d Cir. 1988).

An appropriate Order accompanies this Opinion.

     s/ Jerome B. Simandle
**JEROME B. SIMANDLE**
**Chief Judge**
**United States District Court**

Dated: **January 24, 2013**